**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JAMES S. HILL and CARLA HILL, husband and wife, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>WADE DEAN DOMENICK, an individual; )<br>MARCO TULIO ALMEIDA, an individual; )<br>AROMA TRADING AND HOLDING, )<br>INC., d/b/a PRECISE CARGO, a Florida )<br>company; and OCCIDENTAL FIRE AND )<br>CASUALTY COMPANY OF NORTH )<br>CAROLINA, a North Carolina corporation, )<br>)<br>Defendants. ) | Case No. CIV-06-564-M |

## ORDER

Before the Court is plaintiffs' Motion for Leave to Serve Summons by Publication, filed June 18, 2007. On June 27, 2007, defendants Marco Tulio Almeida, Precise Cargo, and Occidental Fire and Casualty Company of North Carolina filed a response and objection to plaintiffs' motion.

On April 21, 2006, plaintiffs commenced this action in the District Court of Beckham County, Oklahoma. This action arises out of a motor vehicle accident which occurred between a pick up truck driven by plaintiff James S. Hill and an eighteen-wheel tractor trailer rig driven by defendant Wade Dean Domenick ("Domenick"). On May 22, 2006, all defendants, except Domenick, removed this case to this Court. All defendants, except Domenick, have been served.

Plaintiffs, however, have not been able to achieve service of process upon Domenick. Plaintiffs attempted to serve Domenick with process by mail on April 26, 2006 and December 6, 2006. Plaintiffs then hired a private process server from the State of Florida to serve Domenick by

personal delivery.[1] Such process server made ten attempts at service between February 17, 2007 and April 27, 2007. The server was not able to make contact with Domenick but was able to confirm that Domenick was indeed a resident of the dwelling where service was being attempted. Plaintiffs again attempted to serve Domenick with process by mail on May 18, 2007.

Because they have not been able to achieve service of process upon Domenick, plaintiffs now move the Court for an order granting them leave to effect service upon Domenick by publication pursuant to Federal Rule of Civil Procedure 4(e) and Okla. Stat. tit. 12, § 2004(C)(3). The Oklahoma Supreme Court has held that "notice by publication is clearly insufficient with respect to one whose name and address are known or readily ascertainable from sources at hand." *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713, 718 (Okla. 1968). As set forth above, plaintiffs know Domenick's home address. Thus, service by publication is not permitted.

Accordingly, the Court DENIES plaintiffs' Motion for Leave to Serve Summons by Publication [docket no. 45].

**IT IS SO ORDERED this 24th day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] Domenick resides in Florida.